Oral argument is not to exceed 15 minutes per side. Ms. Lape, you may proceed for the appellant. Good afternoon. May it please the Court. My name is Stephanie Lape. I'm here on behalf of the appellant, Mr. Don Woodson Ellis. I would like to reserve two minutes for rebuttal. We have several issues to deal with here today. First, there's the issue of whether or not the appellate waiver contained in his plea agreement bars his claims. And then we have three other legal issues, if they aren't barred. So I'm going to start with the issue of the appellate waiver. That in itself kind of comes with two issues. First, was it a knowing and voluntary waiver? And second, can Mr. Ellis' sufficiency of the indictment claims even be waived if the appellate waiver is a valid waiver? So the state argues in their, I'm sorry, the government argues in their brief that Milleron requires, that Milleron is dispositive here and that the waiver was knowing and voluntary. So that case requires the waiver be knowing and voluntary for it to be a valid waiver. And in this case, there's a significant issue here that one of the very important elements of the Rule 11 colloquy is that the defendant has been able to read and review his plea agreement with counsel and when the defendant, Mr. Ellis, is questioned, have you reviewed this with counsel, his answer was he breezed through it. That's not, yes, I have read and reviewed it with counsel. It was breezed through. What about the fact that the court held a pretty substantial hearing in which the district judge went through every provision of the plea agreement, including this provision? I thought, I mean, the Supreme Court said these rights are really important and we need to have this type of colloquy. But it did also say that if you do have that type of colloquy, there's going to be a strong presumption that it was knowing and voluntary. And here we have him, the district judge, acknowledging the appellate waiver and your client saying I understand. So it seems to me that if all you have is the other comment about breezing through, why should we think that's enough to overcome the presumption of why the Rule 11 colloquy exists? I do think there's a little more. And I agree that the judge, the district court judge, did thoroughly review the plea agreement. That's not the same as reviewing it with your attorney and being able to ask questions and making sure that you understand every piece of it. When you're in the courtroom as a defendant, you don't have the same opportunity to ask questions and have it gone over. Doing trial work myself, the way I go over it with my client is very different than the court going over it and making sure they hit every single element. And this part of the Rule 11 colloquy where you have to, the court has to ask, have you gone through and he was actually signing it in the courtroom. Not generally, these are signed ahead of time before you walk into the courtroom and the court already has a copy of it, but he's actually signing it in the courtroom. It's a good argument, but the question becomes, let's say the attorney failed to do it very well. Let's say it was a flip the pages kind of deal. Is it your position that then the court's attention to every paragraph and colloquy with the defendant and awaiting the defendant's signature on each page as he goes through for about an hour, can that not, does that not then work? Or is any time, are we going to be litigating before this court how long you spent with your attorney, talking about the plea agreement before you signed it? I don't think it necessarily has to be how long you spent with your attorney. But in this case, this is actually a rare situation where I see in a record that the defendant doesn't say, yes I reviewed it with my attorney, and the defendant is actually signing it for the first time in the courtroom. But I think if you also look at the contents of the motion to withdraw a plea that he later filed and his subsequent motion to dismiss, it's pretty clear that he didn't understand the ramifications of the appellate waiver. He was trying to argue issues that would have been precluded by his appellate waiver. In your reply brief you made a passing reference to ineffective assistance, and I thought that might be a more suitable type of claim for the scenario where your client is alleging that trial counsel did not properly advise him, kind of under the veil of the attorney-client privilege. And the problem with that is, of course, we don't generally resolve IAC claims on direct appeal, and we kind of channel them to the post-conviction. So why isn't that the appropriate course here, to investigate the facts about, so we have the comment breezed through, why not investigate the facts about what actually happened in a 2255 proceeding? That may be his next option if he's not successful in one of the arguments that he's raised on appeal. Obviously I didn't make the ineffective assistance of counsel argument on the appeal, because I'm very clear on the case law there. Is it your position that the court's activity in the plea colloquy cannot, I don't want to say overcome, but cannot satisfy what should be provided to a criminal defendant in entering a plea agreement? I don't think so, because the court is not defense counsel, and the defendant, at the plea hearing, at all stages, has a right to, sorry, Sixth Amendment right to effective assistance of counsel, and the court can't advise the defendant on the plea the same way his attorney can. The court's not his attorney. Does that answer your question? That helps. But it seems to me it matters what the inquiry is. So is the question whether it was knowing and voluntary, or whether it was advised, whether entering the plea made sense as a substantive matter? Because if it's the former, I don't see why the colloquy with the judge can't, I don't see why the plea made sense to save it. If it's the latter, maybe, and I think you were arguing the latter, but I'm not sure. Knowing and voluntary is the standard under Miller on the cases, the case law in this circuit, and part of the knowing and voluntary is that it is the Rule 11 colloquy, and part of that is, has this been reviewed with counsel? I guess what I'm trying, my argument is, hearing it from the court is not the same as reviewing it with counsel and receiving legal advice, as far as the defendant being fully aware of what he is signing and all of the ramifications of it. Okay, and do you have any problems with the judge's dialogue in terms of taking the plea? I guess the only issue I would have is when the defendant said that defense counsel breezed through it, I think that required some more inquiry. Just like when we have a defendant that comes, and the case law is not going to be right off the top of my head because I'm going off here a little bit, but when we have a defendant that comes to the court and asks for new counsel and says they're dissatisfied with counsel, the district court's required to make a further inquiry. And this is a very similar situation. He's saying, I've only breezed through it with my attorney. I think there should have been more inquiry to make sure that he understood and he had a full opportunity to review this with his attorney. Could that be part of the reason why the district court did such a thorough job? Because it's not, I mean, this is a 50-page transcript, and the order denying the motion to withdraw, the court said it was 55 minutes. I mean, that could have been, instead of asking counsel to clarify, maybe the court thought, well, I'll just go through it right now. I guess this goes back to Judge Drench's question. Knowing involuntary and in your best interest might not necessarily be the same. Counsel's job might be, okay, this is what will happen. These are the consequences. In my opinion, you should do this, or in my opinion, you shouldn't. That might be the strategic question. But knowing involuntary just doesn't make me understand that the appeal waiver exists, I guess, and kind of the meaning of it. The judge spent a page of the transcript on it. I don't disagree that the judge was thorough in his rule 11 colloquy, and it very well could have been because the defendant did not affirm that he had fully reviewed it with his attorney. However, I would still say that the reviewing and explaining the plea agreement is not the same as your defense counsel doing so. What's your best case? Do you have a case that articulates that type of standard? I do not. Do you have one that makes a distinction between knowing involuntary and in your best interest? No, Judge, I do not. All right. Thank you. Just one other point. I don't mean to harp on this, but there's been no fact findings about, I know he says this on the record, but I suspect his counsel might disagree. I know counsel didn't speak up at the hearing, but we don't have any input from counsel about what actually was conveyed, which is, again, I guess a follow-up point about why if you channel it to 2255, you can engage in this type of discovery that you can't do in the actual criminal case itself. I agree that may be his next option, but I would just say that I think because there was not an affirmative response to this further inquiry was necessary the same way when a defendant says, I'm not satisfied with my counsel and I want new counsel. Can I ask just a general pragmatic point? It's not clear to me. I know your client has wanted to get out of this pretty clearly after he entered the plea, but I don't necessarily see how a reversal would help him. One of the plea factors, withdrawal factors, is whether you pronounce your innocence, for instance. It seems like he's not suggested he wrongly confessed. There does seem to be a fair amount of evidence against him. I don't necessarily see what the objective is here. Is it because maybe the statute of limitations or something has run on the technical error in the account? What I know from the record is that his main argument when he was arguing for withdrawal of plea is that he wanted to make this motion to dismiss based on the sufficiency of the indictment. Why couldn't the state just quickly fix the indictment, I guess would be my question. Would the statute of limitations or some other thing make it impossible to do so at this point? I don't know the answer to that question. So fixing it, that kind of comes up to another issue, but I'm going to go back to the other issue regarding the appellate waiver. So even if this is a knowing and voluntary waiver, there's still the issue of whether or not these issues that he raised can even be waived. So in U.S. v. McGee, which is the case that I believe applies here, it's still good law and it's distinguishable from cotton, which is what's relied on by the government on this issue. And McGee makes clear that if we have an indictment that is defective, then that's not an issue that's waivable in appellate waiver. Now, cotton deals with a different kind of defective indictment. In cotton, we're talking about the omission of a drug quantity fact from an indictment, and that was an actual jury trial. In McGee, it's a factually similar case, where the indictment had merged two offenses, like what we're dealing with in the indictment in this case. And that was also resolved by plea. So that case is much more similar to this. So it's just a matter of whether waiver of a defective indictment should be permissible in an appellate waiver. And that kind of brings me to the next issue, sufficiency of the indictment. I will just say that I think Combs is dispositive here. It postdates Davis, which is what the government had cited to. And it's distinguishable. Davis does not draw a distinction between the two separate offenses in 924C. So I'll leave it at that. Thank you. Good afternoon, Your Honors. My name is Matthew Simcoe. I'm from the United States Attorney's Office for the Northern District of Ohio. May it please the Court. This Court has been asked to review the sufficiency, through its order to the parties, has been asked the parties to review the sufficiency of the indictment and an alleged constructive amendment, both issues that were raised post-conviction, and both which were waived by appellate's guilty plea and also his appellate waiver. The indictment was sufficient. In this case, unlike in Combs, in other cases discussed within the briefs, that both sections of 924C are completely contained within the indictment. The government concedes it's not a model of clarity, but all the elements are there, unlike some of the cases. I'm not sure if counsel was on the spot at sentencing. He suggested it was standard form. I would suggest that maybe you should review your forms. Yeah, and I'll say, I think that goes to one, that sort of how on the spot that was brought up. That had never been discussed prior to that hearing at the time. Counsel had brought it up. I think I was probably going both through the plea agreement as well as the indictment trying to figure out exactly what she was discussing. And no, that's not our standard way of doing it. Do you normally charge one or the other? We normally charge one or the other. Do you ever charge both? It's not even clear to me that this is sufficient because it kind of mixes and matches the elements, but is it okay to charge both in one indictment, like in the alternative? This court has directed us not to do so, so it's not our practice to do so. Is that Combs or some other case that suggested? Combs just said they're separate crimes. Taking it from Combs and cases like it, we've picked up that it's not what we're supposed to do. That being said, this case, unlike Combs, does charge both sections of the 924C in offense. And then later the parties narrowed the indictment to just the one section of 924C, that being the use and carry provision of 924C. It would be the government's position that this essentially cured whatever concern there was that there were both sections within the indictment. And I think it's not credible that the defendant didn't know what he was pleading to that day. He had negotiated the plea, actively negotiated to a below-guideline sentence. He was provided the plea agreement prior to the hearing. Granted, he said he breezed through it. I'm not entirely sure what that meant. But as the court indicated, the district court took a considerable amount of time than reviewing the entire agreement, including the elements section. In that particular section, the court asked whether or not there was any questions about the elements. The defendant, the appellant, initialed just below the elements, indicating and responded to the court that he understood them. Can I ask, so if this was raised at the appropriate time, I think there's that time to challenge the indictment. Would the government have been able to just get a superseding indictment and fix it quickly? Yes. So it really is just a technical error and there's nothing... If the defendant would have raised it... Like in a motion to dismiss, I guess. Yes. So if the appellant would have raised it prior to entering this plea, then yes, the government would have been able to return to the grand jury and fix it. Or perhaps we even just would have agreed to an information correcting this language. I think we also might have been able to just strike the surplusage of the additional counts in the indictment and just agree to it that way. But no, there was a remedy at that time that the government could have taken. What do you... So your friend on the other side suggests this type of error is not subject to an appellate waiver. I acknowledge that you disagree, but what do you do with the McGee case that you talked about just earlier? Well, McGee... I'll note that it was decided before Cotton. McGee did indicate that these were jurisdictional errors that were not waivable. But the Supreme Court, post-McGee, considered whether or not defects in the indictment are jurisdictional. They indicated it is not. And in that case, a case that went all the way to jury verdict, and that at sentencing the court included additional language to get to a higher penalty level, the Supreme Court said that was not a problem, that the court was allowed to do that. And here in this case, we have the parties agreeing to do it, but I think McGee really doesn't have a whole lot of application in this case. It may not even be good law anymore. So do you think it's distinguishable then, or should we disavow it? I think the court should disavow it. In my looking for citations for McGee, the only time it's been raised post-Cotton that I can tell was its definition of what attempt was, rather than having anything to do with a waivable... Do you think that the legal test for whether something is waivable should be something about the court's jurisdiction? Is that what the test is? If a defect in the proceedings goes to the court's jurisdiction over the case or controversy, I guess, or subject matter jurisdiction, then it should be deemed not waivable by the defendant? I think if it's talking about a plea agreement, and the parties have fixed it within the agreement, then it should be deemed not waivable. I think there is an avenue for a court to find that it is waivable. But if it's just something through a jury verdict, and it gets past sentencing, then it perhaps might not be waivable. But I would suggest to this court not narrow parties' abilities to agree to something like that if the parties wanted to in a plea agreement waiver. Part of the argument was he pled to his plea agreement, which said it correctly, right? That is correct. And your position then is it doesn't matter if the indictment is in error if the plea is to a plea agreement? If the parties have corrected whatever the error is, the parties acknowledge it and they correct it, as they did in this case, then it shouldn't matter. The defendant should have the ability to do that. The parties, by agreement, should be able to do that. You said if they've acknowledged it and corrected it, is there any reason to believe it was acknowledged? The parties did take the language that was the appropriate offense, chose that language, placed it in the indictment. It was requested, do you understand these elements? And the defendant agreed. And then it came back, though, in the judgment, right? I'm sorry, Your Honor? The offending language came back in the judgment, I believe. No, that the corrected language was in the judgment. I thought that the title from the indictment was also used in the judgment. I'm not sure the title has much to do with what the elements are in the offense. I know under Rule 7, there's no mention of a title even being necessary. And even when a citation, which is required for an indictment, is incorrect, it specifically found that that's not a, it's not offending such that it should cause a dismissal of a case. Would it make a difference to you if the judge's colloquy was in some way noncompliant or insufficient? That is, if there were parts of the colloquy that did not adequately explain his appellate rights? The defendant was provided an agreement ahead of time. So if a misstate portions of the waiver, that might be concerning. If it led to believe something else other than what was within the agreement, yes, that would be concerning. But even in these cases, defendants are provided the agreements ahead of the hearing. The defendant acknowledged he breezed through it, which is not ideal and not what we want to hear from defendants. But in so doing, did acknowledge that he had it, had the ability to review it, and reviewed it to some degree. He also, during the questions regarding effective assistance of counsel, the judge asked, how long has the attorney and his attorney been his attorney? She indicated three years. Have you had plenty of time to talk to her? Yes, I have. Has she answered all of your questions? Yes, she has. Has she reviewed the evidence they need to convict you? Yes, she has. Are you satisfied with her counsel? Yes, I am. So not only, granted, he does describe it as being breezing through it, but I'm not entirely sure what we are to take of that other than he did have it and he did have the opportunity to read it and read it to some degree. But then, of course, the court went through and reviewed this with him at a pretty lengthy hearing. Of course, the danger, the concern, would be, what if the defendant had not reviewed it? If you enter these written plea agreements and you can waive everything but these named exceptions that you get to bring up, which are pretty standard in a lot of plea agreements, what happens in that circumstance if it's clear that it was not knowing and voluntary? On that argument, would you say, well, the plea agreement is what he entered, and so he's not only waiving the what's in my best interest, he's also waiving the knowing and voluntary claim? A defendant can't enter a plea not knowing and voluntary. He can come to this court or come to any court and say, and if he could sustain his burden, he can attack a conviction on that ground. Now, we do allow courts, district courts, to consider that, and the court here did. It did have the parties brief the issue, or the parties did brief the issue, and I think the court in this case not only found that there wasn't a just reason to withdraw the plea, but that his reasoning just, I think, simply was not credible. So it went further than just no just cause. So the limitations of a plea agreement cannot touch upon the knowing and involuntary claim? I would agree with that. As long as that remains an option, that to me is a very distinct issue from what you can waive in a plea agreement. Yes, if you're entering into an agreement or even the plea itself, a non-knowing, a non-involuntary plea is not waivable, wouldn't be a plea at all. I think to Judge Murphy, your question on, for Apolli's argument, or Pellant's argument rather, what would be the remedy in this case? What would be the logic to withdrawing this plea? And with no statute of limitations problem, in this case there is an extension of the statute of limitations based on this agreement, but to think of the logic of what the defendant is asking, and I think that cuts against any sort of suggestion that this wasn't something that he knew that he was doing at the time of the plea. Because the suggestion that his whole plan all along was, I knew about this problem, and I didn't raise it prior to the plea, I negotiated a BOLO guideline sentence, then I went and entered the plea, my plan was then to be sentenced to the 201 month binding sentence, get here, then allege it on appeal, then have it reversed, then go back to the trial court. And be concerned about, you get what you ask for. You have to go back, because there's some pretty significant evidence out there that sometimes people get what they ask for, and get to go back and get re-sentenced to something more. At least the guideline with acceptance, and perhaps at trial, if that's what he was looking for, conviction well above what he was agreed to in this sentence. What was the guidelines? 214 was, I believe, the guideline with acceptance of responsibility. I couldn't tell you offhand what the guideline is at trial. The court asked whether or not there was a constructive amendment, I think that was raised by Appell in their brief. I would just note that constructive amendments are a broadening of the indictment, either through court's instructions or through evidence presented at trial. Here we have a narrowing of the indictment, to something smaller than what was returned by the grand jury. The rules allow the parties to do a lot of these things that the parties did in this agreement. That is, strike in parts of the indictment to narrow it in order to enter a plea. That's contained within Rule 7, and if the parties agree, specifically the defendant agrees, we are allowed to do just that. I'll just ask this one last thing. The court in Combs held, the Rule Preventing Amendment of an indictment should be applied in a way that will preserve constitutional rights from invasion, where, however, these rights are not threatened, these rules governing indictments should not be applied in such a way as to defeat justice fairly administered. Here we have a defendant who has provided an agreement that he negotiated. He admitted to this conduct at the hearing as well as in his acceptance of responsibility. He is guilty of this crime, and to undo all of this would be not justice fairly administered. I ask you to deny the plea or dismiss the plea based on the waiver or fine for the government in the end. Thank you. Sue, I want to go back to the sufficiency of the indictment issue. The government argues that both distinct offenses were listed in the indictment. However, that's not exactly correct. The actual title of this indictment on count four uses the words, use, carry, use, carry, and possess. Those are elements from the two separate offenses. We have the use offense and the possession offense. The use offense requires proof that the defendant used or carried a firearm during and in relation to an offense of violence. The possession offense requires that the defendant possess a firearm in furtherance of the commission of an offense of violence. So in count four of Mr. Ellis' indictment, we have use, carry, and possess, which combines the elements of both two offenses. So this isn't a situation where we've just listed both things and it's duplicious. This is a situation where the elements are commingled as they are in combs. I'm sorry. So the two offenses are one is possess a firearm in furtherance of a crime. Correct. And the other one is? Use or carry a firearm during and in relation to an offense of violence. Well. This is what, so combs is sort of. But doesn't it say that really? Because it says use or carry a firearm and then, or, in furtherance of the crime, possess a firearm, and then it picks up during in relation to the crime of violence. You mean in the indictment? Are you talking about in the indictment? Yeah. I'm sorry. So that is the body of the indictment, I believe, and it sounds like they're kind of mixed up in there. The body of the indictment in count four says both offenses. The title of it combines the two offenses, which is what combs talks about and says you cannot commingle the two offenses. These are two separate and distinct offenses. When you do that, it's not an offense under federal law. I'll just briefly, I'm out of time. Thank you. Yes, and we see that you've taken this case as a CJA attorney and want to thank you. It makes a major difference to what we can do as a court and to the justice system to have people willing to volunteer their time and their work to defend someone. So thank you. We thank you both for your arguments and your briefing. An opinion will be issued in due course, and because that is the last argument case we have today, you may dismiss court.